PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
ZACHARY WOODFORD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY WOODFORD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>C. STAGNARO FISHING CORPORATION dba GILDA'S RESTAURANT; CITY OF SANTA CRUZ; and DOES 1-10, Inclusive,<br><br>　　　　Defendants.<br>_____/ | CASE NO.<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (including CIVIL CODE §§ 54, 54.1, 54.3, AND § 55; and HEALTH & SAFETY CODE §§19955 *et seq.*); INJUNCTIVE RELIEF PER TITLES II and III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)<br><br><u>DEMAND FOR JURY TRIAL</u> |

　　　　Plaintiff ZACHARY WOODFORD complains of defendants C. STAGNARO FISHING CORPORATION dba GILDA'S RESTAURANT; CITY OF SANTA CRUZ; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

　　　　1.　**INTRODUCTION:**　　This case involves the denial of accessible public facilities, including paths of travel, access to entrances, interiors, public restrooms, and related facilities, to plaintiff and other disabled persons at Gilda's Restaurant (hereinafter sometimes "Gilda's" or "Restaurant"), located at 37

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES　　　-1-　　　S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

1  Municipal Wharf, Santa Cruz, California (hereinafter sometimes "Wharf").
2  Plaintiff Zachary Woodford is a "person with a disability" or "physically
3  handicapped person." Plaintiff is disabled by quadriplegia and requires the use of
4  a motorized wheelchair for locomotion. Plaintiff is unable to use portions of
5  public facilities which are not accessible to disabled persons who require the use
6  of a wheelchair. Plaintiff was denied his rights to full and equal access at these
7  facilities, and was denied his civil rights under both California law and federal
8  law, as described hereinbelow, because these facilities were not, and are not now,
9  properly accessible to physically disabled persons (such as plaintiff), including
10 those who use wheelchairs. Plaintiff seeks injunctive relief to require defendants
11 to make these specified facilities accessible to all mobility disabled persons and to
12 ensure that any disabled person who attempts to use the facilities will be provided
13 proper access. Plaintiff also seeks recovery of damages for his personal injuries
14 and discriminatory experiences and denial of access and of his civil rights, which
15 denial is continuing as a result of defendants' failure and refusal to provide
16 disabled accessible facilities. Plaintiff also seeks injunctive relief pursuant to
17 Title II and Title III of the Americans With Disabilities Act of 1990, California
18 Civil Code § 55, California Health & Safety Code § 19953, and California
19 Government Code §§ 4450 *et seq*. Plaintiff also seeks recovery of reasonable
20 statutory attorney fees, litigation expenses and costs.

21  2.  **JURISDICTION:** This Court has jurisdiction of this action
22 pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act
23 of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and
24 related causes of action arising from the same facts are also brought under
25 California law, including but not limited to violations of California Government
26 Code §4450 *et seq*.; California Health & Safety Code §19955-19959; California
27 Civil Code §§ 54, 54.1 and 55; and Title 24, California Code of Regulations.

28  3.  **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -2-  S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

4. **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5. **PARTIES:** Plaintiff Zachary Woodford is a "qualified" physically disabled person, for purposes of all federal and California state laws, who cannot walk due to quadriplegia, and who requires use of a motorized wheelchair for locomotion. Defendants C. STAGNARO FISHING CORPORATION dba GILDA'S RESTAURANT; CITY OF SANTA CRUZ; and DOES 1-5, are the owners, operators, lessors, and lessees of the businesses, properties, facilities and/or portions thereof located at 37 Municipal Wharf, Santa Cruz, California, including the restaurant known as "Gilda's." Defendant CITY OF SANTA CRUZ is the owner and lessor of the Wharf itself, the real property on which Gilda's Restaurant is situated, and as an owner and lessor is jointly responsible for access deficiencies at the Restaurant. Defendant CITY OF SANTA CRUZ also owns and operates the inaccessible public restrooms on the Wharf which are maintained in an inaccessible condition in violation of Title II of the ADA and of California access laws. All such facilities constitute public accommodations subject to the requirements of California Health & Safety Code §19955 *et seq.*, California Government Code §§ 4450 *et seq.*, and of California Civil Code §§ 54 *et seq*. On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq*. Construction and alterations from 1968 - 1982 were subject to the ASA or "ANSI" Regulations. On information and belief, alterations since July 1, 1982 also subjected the facilities to requirements of California's Title 24, the State Building Code, and (since January 26, 1993) § 303 of the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -3-      S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

1  Americans With Disabilities Act of 1990 (ADA).  Further, irrespective of the
2  alteration history, such premises are subject to the "readily achievable" barrier
3  removal requirements of Title III of the Americans with Disabilities Act of 1990,
4  and, as to the CITY OF SANTA CRUZ and Does 6-10, to the "programmatic
5  access" requirements of the ADA, Title II, Section 201 *et seq*.  42 U.S.C. § 12131
6  *et seq*.

7       6.  The true names and capacities of Defendants Does 1 through 10,
8  Inclusive, are unknown to plaintiff who therefore sues said defendants by such
9  fictitious names.  Plaintiff is informed and believes that each of the defendants
10  herein designated as a Doe is legally responsible in some manner for the events
11  and happenings herein referred to and caused injury and damages proximately
12  thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to
13  show such true names and capacities when the same have been ascertained.

14       7.  Defendants C. STAGNARO FISHING CORPORATION dba
15  GILDA'S RESTAURANT; CITY OF SANTA CRUZ; and DOES 1-10, Inclusive,
16  are and were the owners, operators, lessors and lessees of the subject businesses,
17  properties and/or facilities at all times relevant to this Complaint.  Plaintiff is
18  informed and believes that each of the defendants herein is the agent, employee or
19  representative of each of the other defendants, and performed all acts and
20  omissions stated herein within the scope of such agency or employment or
21  representative capacity, and/or as part of a joint venture and common enterprise
22  with one or more of the other defendants, and is responsible in some manner for
23  the acts and omissions of the other defendants in proximately causing the
24  damages complained of herein.

25

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC
ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY
(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*,
Government Code §§ 4450 *et seq.*)**

**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -4-   S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

8. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9. Plaintiff Zachary Woodford and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq.* and California Government Code §§ 4450 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq.* and California Government Code §§ 4450 *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject Restaurant. Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each new construction or "alteration, structural repair or addition" which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the facilities during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 *et seq.*

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -5-   S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

1   11. **FACTUAL STATEMENT:** Plaintiff Zachary Woodford is a physically disabled person, a quadriplegic, who drives a hand-controlled, disabled access licensed van and is entitled to use all public buildings and facilities, parking places, sidewalks and walkways on a "full and equal" basis. Plaintiff is a "qualified" disabled person for the purposes of protections of the Americans with Disabilities Act of 1990, and of California's Disability Rights Acts, including but not limited to California Civil Code §§ 54 and 54.1. Plaintiff, as a quadriplegic, requires use of a motorized wheelchair for mobility, and can only properly use facilities which are accessible to wheelchair users..

12. On or about December 12, 2103, plaintiff Woodford went to the Santa Cruz Municipal Wharf to have dinner at Gilda's Restaurant. Inside the Restaurant, plaintiff had trouble finding any accessible place to sit in his wheelchair. On information and belief there is no proper accessible seating in the Restaurant. Plaintiff noted that there was no accessible seating at the counter and no lowered section of the counter. Plaintiff was instructed by Restaurant staff to sit in his wheelchair at the end of a table at a booth. However, his wheelchair stuck out into the aisle and plaintiff felt that he was a nuisance to other patrons and employees by blocking their way and having them pass around him, thereby drawing unwanted attention to himself.

13. While dining, plaintiff Woodford felt the need to use the restroom. However, when he tried to enter the Restaurant's men's restroom, he found that the entry doorway was too narrow and inaccessible to him, and he could not fully enter or make use of the restroom and its facilities. On information and belief, the men's restroom was also not properly accessible for use by physically disabled persons in multiple respects which would affect any wheelchair user able to enter, including but not limited to excessive push pressure needed to enter, too small of a toilet stall for entry and use by a disabled person using a wheelchair, and improper placement of the toilet paper dispenser. The restroom was also legally

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -6-       S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

inaccessible in multiple other respects, including an entry door with insufficient strike edge clearance; a sink without proper access or usability; an excessively high urinal; and the lack of any proper "turning" radius for a wheelchair in the restroom. Plaintiff knew from prior experience that the public restrooms on the Wharf were also not properly accessible for disabled use. As a result, plaintiff was left in physical discomfort and suffered a humiliating bodily functions accident, including spilling urine on himself, then left the Restaurant to look elsewhere until he could find an accessible restroom. As a result, plaintiff suffered physical, mental, and emotional injury and damages, and difficulty, discomfort and embarrassment, according to proof, all to his damages.

14. Based on later inspection by plaintiff's representatives, the public parking spaces owned and operated by the CITY OF SANTA CRUZ and serving Santa Cruz Wharf and the businesses located on the Wharf, are not fully accessible to plaintiff and other physically disabled persons who drive or are driven in disabled licensed vehicles. Plaintiff seeks injunctive relief against defendant CITY OF SANTA CRUZ to make the subject deficient parking facilities and paths of travel from the parking facilities to Gilda's and the other businesses on the Santa Cruz Wharf, properly accessible to and useable by physically disabled persons. These parking-related deficiencies are, on information and belief, the responsibility of the CITY OF SANTA CRUZ and Does 6-10.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Second and Third Causes of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -7-   S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

16. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Second and Third Causes of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

17. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled, including wheelchair users, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities. Plaintiff is deterred from use of the Restaurant, and is deterred from more frequent use of the Wharf because of the lack of accessible public restrooms, and cannot return to use these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to return once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

18. Wherefore, plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -8-   S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code § 19953, California Civil Code § 55, and other law. Plaintiff further requests that the court award damages pursuant to Civil Code § 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

19. **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code § 54.3, including statutory treble damages, except as to the governmental entity defendants. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54.1, 54.3 and 55. Plaintiff seeks actual damages and statutory damages for all periods of time mentioned herein.

20. **GOVERNMENT CLAIM FILED** - On or about June 5, 2014, plaintiff served a timely claim on the CITY OF SANTA CRUZ, including the "City of Santa Cruz Claim Form" and attached "Claim Against Public Entity." This claim, received by the City on June 6, 2014, was deemed denied by operation of law 45 days later.

21. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -9- S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

1  costs in order to enforce plaintiff's rights and to enforce provisions of the law
2  protecting access for disabled persons and prohibiting discrimination against
3  disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney
4  fees, litigation expenses, and costs, pursuant to the provisions of Civil Code
5  §§ 54.3 and 55, and Health & Safety Code § 19953. Additionally, plaintiff's
6  lawsuit is intended to require that defendants make their facilities accessible to all
7  disabled members of the public, justifying "public interest" attorney fees,
8  litigation expenses and costs pursuant to the provisions of California Code of
9  Civil Procedure § 1021.5 and other applicable law.

10  WHEREFORE, plaintiff prays for damages and injunctive relief as
11  hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**
**TITLE III [42 USC §§ 12101 *et seq.*]**

15  22. Plaintiff repleads and incorporates by reference, as if fully set forth
16  again herein, the allegations contained in Paragraphs 1 through 21 of this
17  Complaint, and incorporates them herein as if separately repled.

18  23. In 1990 the United States Congress made findings that laws were
19  needed to more fully protect "some 43,000,000 Americans [with] one or more
20  physical or mental disabilities;" that "historically, society has tended to isolate
21  and segregate individuals with disabilities;" that "such forms of discrimination
22  against individuals with disabilities continue to be a serious and pervasive social
23  problem;" that "the Nation's proper goals regarding individuals with disabilities
24  are to assure equality of opportunity, full participation, independent living, and
25  economic self-sufficiency for such individuals;" and that "the continuing
26  existence of unfair and unnecessary discrimination and prejudice denies people
27  with disabilities the opportunity to compete on an equal basis and to pursue those
28  opportunities for which our free society is justifiably famous..." 42 USC §12101.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -10-   S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

24. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

42 USC § 12101(b).

25. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 USC § 12181 *et seq*. The subject properties and facilities are among the "private entities" which are considered "public accommodations" for purposes of this title, which includes, but is not limited to, a "restaurant, bar, or other establishment serving food or drink," § 12181(7)(B).

26. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182. The specific prohibitions against discrimination included, but were not limited to the following:

<u>§ 12182(b)(1)(A)(ii)</u>: "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -11- S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

27.   The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards §§ 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 12183 of the ADA. In the event that removal of any
LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -12-        S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

1   physical barrier is found to be "not readily achievable," defendants still violated
2   the ADA, per § 12182(b)(2)(A)(v) by failing to provide all goods, services,
3   privileges, advantages and accommodations through alternative methods that
4   were "readily achievable."

5   28.   On information and belief, as of the date of plaintiff's encounter at
6   the subject premises and as of the filing of this Complaint, the premises have
7   denied and continue to deny full and equal access to plaintiff and to other
8   mobility disabled persons in other respects, which violate plaintiff's rights to full
9   and equal access and which discriminate against plaintiff on the basis of his
10  disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the
11  goods, services, facilities, privileges, advantages and accommodations, in
12  violation of §§ 12182 and 12183 of the ADA.  42 USC §§ 12182 and 12183.

13  29.   Although defendant CITY OF SANTA CRUZ is a Title II entity, on
14  information and belief defendant City is also liable under Title III as the "owner"
15  of the property on which Gilda's Restaurant, a Title III entity, is situated and for
16  which Gilda's owners, operators and lessees make rental payments.  On
17  information and belief, the City is also liable, as a lessor of the subject Gilda's
18  property, under Title III of the ADA, in addition to its liability under Title II.  In
19  regard to being a Title III entity, the City, as landlord, may be a necessary party to
20  any injunction or consent decree for injunctive relief that may be required to
21  obtain access for disabled persons at Gilda's in the respects complained of,
22  pursuant to § 12188 of the ADA.

23  30.   On information and belief, defendants have continued to violate the
24  law and deny the rights of plaintiff and other disabled persons to access these
25  public accommodations since on or before plaintiff's encounters, as previously
26  noted.  Pursuant to the ADA, 42 USC 12188 *et seq.*, plaintiff is entitled to the
27  remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42
28  USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -13-          S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 12188(a)(2), "Injunctive relief. In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter."

31. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the subject facilities.

WHEREFORE, plaintiff prays for injunctive relief and statutory attorney fees, litigation expenses and costs as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**(As to Defendant City of SANTA CRUZ and DOES 6-10 only)**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**
**TITLE II [42 USC §§ 12201 *et seq.*]**

32. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 31 of this Complaint and incorporates them herein as if separately repled.

33. Effective January 26, 1992, plaintiff is entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity",

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -14-   S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

including any state or local government, as defined by 42 USC § 12131, section 201 of the ADA.

34. Pursuant to 42 USC §12132, Section 12132 of ADA Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff was at all times relevant herein a qualified individual with a disability as therein defined.

35. The defendant government entity has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that the Gilda's Restaurant and other public facilities located on the Wharf owned by defendant CITY OF SANTA CRUZ, including but not limited to the public restrooms and public parking spaces, are properly accessible to disabled persons; failing to ensure that related public facilities and public accommodations, as described herein, are accessible to disabled persons; and failing to remove known architectural barriers at the subject facilities so as to be accessible to disabled persons, and/or modify its programs, services and activities to make them accessible to disabled persons, including plaintiff. As a proximate result of defendant's actions and omissions, defendant has discriminated against plaintiff, in violation of Title II of the Americans With Disabilities Act of 1990, and of the regulations adopted to implement the ADA. Plaintiff has suffered damages, compensable under Title II for intentional acts of defendants, including deliberate indifference, and has suffered physical, mental and emotional damages, including difficulty, discomfort or embarrassment.

36. Per § 12133 of the ADA, as a result of such discrimination, in violation of § 12132 of the ADA, plaintiff is entitled to the remedies, procedures and rights set forth in Section 505 of the Rehabilitation Act of 1973 (29 USC

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -15-   S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

1  § 794a). Plaintiff also seeks injunctive relief to require defendant to remove the
2  barriers to access complained of, and to provide all remedies, including statutory
3  attorney fees, litigation expenses and costs, including those remedies specified by
4  sections 12133 and 12205 of the Americans With Disabilities Act of 1990 and by
5  California Code of Civil Procedure § 1021.5, according to proof.

6  37.  **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants CITY OF SANTA CRUZ and Does 6-10, as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled, including wheelchair users and other mobility disabled persons, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff Zachary Woodford in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendant continue, to achieve equal access to and use of these public buildings and facilities, and cannot return to properly use these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to do so, once legally required access has been provided. The acts of defendant have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

23  38.  To the date of filing this Complaint, the specified public facilities continue to be inaccessible for safe and independent use by physically disabled persons such as plaintiff. Plaintiff requests that an injunction be ordered requiring that defendant take prompt action to modify the aforementioned public facilities to render them accessible to and usable by plaintiff and other similarly situated physically disabled persons, and thereby make its governmental services

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -16-    S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

available to and usable by physically disabled persons.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

## **PRAYER**

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain all facilities in an accessible condition;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages (as to the non-government entity defendants) in an amount within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to California Civil Code § 3291;

6. Grant such other and further relief as this Court may deem just and proper.

//

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -17-     S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd

1   Dated: August 5, 2014                    LAW OFFICES OF PAUL L. REIN

2

3                                            ___/s/ Paul L. Rein_____
                                             By PAUL L. REIN
4                                            Attorneys for Plaintiff
                                             ZACHARY WOODFORD
5

6

7                              **DEMAND FOR JURY**

8         Plaintiff hereby demands a jury for all claims for which a jury is

9   permitted.

10

11  Dated: August 5, 2014                    LAW OFFICES OF PAUL L. REIN

12

13                                           ___/s/ Paul L. Rein_____
                                             By PAUL L. REIN
14                                           Attorneys for Plaintiff
                                             ZACHARY WOODFORD
15

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -18-   S:\CASES\GILDA'S\PLEADINGS\GILDA'S.CMP.wpd